

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV–16–646

| | |
|---|---|
| | **Opinion Delivered:** November 16, 2016 |
| JESSICA MINOR | |
| | APPEAL FROM THE UNION |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [NO.70 JV-2015-50] |
| V. | |
| | |
| ARKANSAS DEPARTMENT OF HUMAN | HONORABLE EDWIN KEATON, |
| SERVICES AND R.M., A MINOR CHILD | JUDGE |
| | |
| APPELLEES | AFFIRMED; MOTION TO |
| | WITHDRAW GRANTED |

## BART F. VIRDEN, Judge

On May 4, 2016, the Union County Circuit Court entered the order terminating Jessica Minor's parental rights to R.M. (born 3/8/15). Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i) (2013), Minor's counsel has filed a no-merit brief and a motion to withdraw, alleging that there are no meritorious grounds for appeal. Minor was given an opportunity to file pro se points for reversal but declined to do so. We affirm the termination and grant the motion to withdraw.

The Department of Human Services (Department) initiated the case on March 13, 2015, when a petition for emergency custody was filed, and R.M. was placed in its care after it was determined that he had been born with drugs in his system.

R.M. was adjudicated dependent-neglected due to his positive drug test. The circuit court set a goal of reunification with a concurrent goal of adoption and ordered supervised

visitation. The circuit court ordered appellant to comply with the case plan, obtain stable housing and maintain the utilities, obtain stable employment, complete parenting classes, submit to drug screening, undergo a psychological evaluation, complete a drug assessment and follow the pursuant recommendations, refrain from drug use, and participate in counseling.

The case continued for nine months with little improvement in Minor's circumstances. During the case, Minor attended only five supervised visitations, she had not obtained stable employment or housing, and she tested positive for drugs. The Department sought termination of Minor's parental rights through a petition filed on December 29, 2015, alleging that termination was in the child's best interest and that Minor was unfit under three grounds: (1) Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)(*a*), the "subsequent factors" ground, which allows for termination if other factors or issues arose subsequent to the filing of the original petition for dependency–neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent; (2) Arkansas Code Annotated section 9-27-341(b)(3)(B)(ix)(*a*)(4), which allows for termination if the parent has previously had parental rights involuntarily terminated to a sibling of the juvenile; and (3) Arkansas Code Annotated section 9-27-341(b)(3)(B)(ix)(*a*)(3), the "aggravated circumstances" ground, which allows for termination

if it is determined that there is little likelihood that services to the family will result in successful reunification.

At the hearing on March 7, 2016, Minor testified that she was incarcerated and would not be released until October or November 2016. The circuit court found that the statutory grounds alleged in the petition had been proved and that it was in the child's best interest to terminate parental rights, considering the high likelihood that he would be adopted and the potential for harm if he were returned to Minor's custody. The circuit court granted the petition.

In compliance with *Linker-Flores* and Rule 6-9(i), Minor's counsel has examined the record for adverse rulings and has adequately discussed why there is no arguable merit to an appeal of the decision to terminate Minor's parental rights, noting that there was one adverse ruling, other than the termination decision, concerning Minor's request for more time. After carefully examining the record and the no-merit brief, we hold that Minor's counsel has complied with the requirements for a no-merit parental-rights-termination appeal and that the appeal is wholly without merit. We therefore affirm the termination of Minor's parental rights to R.M. by memorandum opinion, *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985), and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

GLOVER and WHITEAKER, JJ., agree.

*Tabitha McNulty*, Arkansas Public Defender Commission, for appellant.